## WASHINGTON-SOUTHERN NAV. CO. v. BALTIMORE & PHILADEL-PHIA STEAMBOAT CO.

(District Court, E. D. Pennsylvania.   April 14, 1921.)

No. 116 of 1920.

**Admiralty ☞58—Rule as to right to security applies to pending cases.**

Rule 50 of the Admiralty Rules of March 7, 1921 (267 Fed. xix), making the entry of security for damages claimed by the cross-libelant conditional on security having been given in the original suit, applies to a pending suit, in which a motion by cross-libelant for security was pending on March 7, 1921.

In Admiralty.   Libel by the Washington-Southern Navigation Company against the Baltimore & Philadelphia Steamboat Company, with cross-libel.   On motion for an order upon libelant and cross-respondent to give security for claim of cross-libelant.   Motion denied conditionally.

A. E. Weil, Esq., of Philadelphia, Pa., for libelant.

John Cadwalader, Jr., and Thos. Raeburn White, both of Philadelphia, Pa., for respondent.

THOMPSON, District Judge.   The cross-libelant and respondent has not given security to respond in damages to the claim of the libelant in the original suit.

Under rule 53 of the former Admiralty Rules (29 Sup. Ct. xiv) this would not, upon cause shown, have prevented an order upon the libelant and cross-respondent to give security for the cross-libelant's damages.   That rule, however, is not any longer in force, as it was superseded on March 7, 1921, by rule 50 of the recently adopted Rules in Admiralty (267 Fed. xix), which makes the entry of security for the damages claimed by the cross-libelant conditional upon the respondent or claimant in the original suit having given security to respond in damages.

Although the present motion was filed prior to the new rules taking effect, it did not come up for hearing until afterwards.   There is nothing in the order of the Supreme Court providing that the new rules shall not apply to suits pending before March 7, 1921, and it would undoubtedly cause confusion to have two sets of rules regulating procedure in force at the same time.   The order of the Supreme Court, adopting and establishing the rules, was made December 6, 1920, so that ample notice of the change was given to the bar.

The order at present applied for cannot, therefore, be entered, unless the cross-libelant shall give security as respondent in the original suit.   It is therefore ordered that, if the respondent shall give security to respond in damages in the original suit within 10 days, the cross-respondent shall give security for the cross-libelant's damages.   Unless security be given by the respondent within 10 days, the motion will be denied.

Proceedings meanwhile to stay.